UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:23-CR- 130 |
| | : | |
| v. | : | |
| | : | |
| MAYNOR JOSUE BONILLA-FLORES | : | |
| | : | |
| Defendant. | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY**

I. Summary of the Plea Agreement

Defendant Maynor Josue Bonilla-Flores agrees to admit guilt and enter a plea of guilty to an Information charging him with one count of Violent Crime in Aid of Racketeering-Murder, in violation of 18 U.S.C. § 1959(a)(1) and 2, and two counts of Violent Crime in Aid of Racketeering-Attempted Murder, in violation of 18 U.S.C. § 1959(a)(5) and 2.

The penalty for Count One of the Information, VICAR-Murder, is:

(A) a maximum sentence of ~~ten years~~ Life imprisonment;

(B) a fine not to exceed $500,000;

(C) a term of supervised release of not more than five (5) years to follow any period of incarceration; and

(D) a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

The penalty for Counts Two and Three of the Information, VICAR-Attempted Murder, is:

(A) a maximum sentence of ~~life imprisonment and a minimum term of imprisonment of life imprisonment;~~ 10 years

1

(B) a fine not to exceed $250,000;

(C) a term of supervised release of not more than three (3) years to follow any period of incarceration; and

(D) a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

II. Elements of the Offenses

Count One

The essential elements of the offense of VICAR-Murder, in violation of 18 U.S.C. § 1959(a)(1), each of which the Government must prove beyond a reasonable doubt, are that:

(1) the enterprise existed as alleged in the information;

(2) the enterprise was engaged in interstate commerce or that its activities affected interstate commerce;

(3) the enterprise was engaged in racketeering activity;

(4) the defendant committed the crime of violence of murder; and

(5) the defendant's purpose in committing the crime of violence was to gain entrance to, or to maintain, or increase his position in the enterprise.

Counts Two and Three

The essential elements of the offense of VICAR-Murder, in violation of 18 U.S.C. § 1959(a)(5), each of which the Government must prove beyond a reasonable doubt, are that:

(1) the enterprise existed as alleged in the information;

(2) the enterprise was engaged in interstate commerce or that its activities affected

interstate commerce;

> (3) the enterprise was engaged in racketeering activity;
>
> (4) the defendant committed the crime of violence of attempted murder; and
>
> (5) the defendant's purpose in committing the crime of violence was to gain entrance to, or to maintain, or increase his position in the enterprise.

III.   Brief Statement of the Facts

Between on or about December 18, 2021, through December 19, 2021, the defendant Maynor Josue Bonilla-Flores (hereinafter "Bonilla-Flores") was a member or associate of the international criminal street gang known as "18th Street." The 18th Street gang engages in a variety of criminal activities to include acts of assault, robbery, kidnapping, murder, and firearms trafficking in the District of Columbia and other jurisdictions, both within the United States and in foreign countries. 18th Street members are required to commit acts of violence to further the interests of the gang. These violent acts are often directed against rival gang members, 18th Street members who have violated gang rules or have otherwise disrespected the gang, and people who are suspected of cooperating with law enforcement. Additionally, 18th Street members are also known to possess, sell and transport narcotics, weapons, and other contraband to generate money to support the gang and its criminal activities both within the District of Columbia and across state lines. Some of the proceeds of this criminal activity are wired to members of the gang's leadership in foreign countries. 18th Street members are known to control geographical areas and use violence to maintain their control. 18th Street consists of an enterprise that engages in racketeering activity.

On or about December 19, 2021, Bonilla-Flores followed the victim, Danis Alicides Salgado Mata (hereinafter "Mata") and Mata's family members in a vehicle with other 18th Street members to Mata's home located at 13709 Ashby Road, Rockville, MD 20853. Bonilla-Flores,

who was a passenger in the vehicle, and the other 18th Street members followed Mata to his home for the purpose of murdering Mata at the command of another high-ranking 18th Street member.

Upon arriving at Mata's home, the driver stopped the vehicle, and Bonilla-Flores and another 18th Street member who had traveled with Bonilla-Flores fired multiple gunshots at Mata, ultimately striking him multiple times in the torso. Mata eventually died from his gunshot wound injuries. During the shooting, Mata's family members Gerber Gabriel Marques Melendez (hereinafter "Melendez") and Ana Lilian Mata Blanco (hereinafter "Blanco") were in Mata's immediate vicinity and were also struck by gunfire. Both Melendez and Blanco survived their gunshot injuries. Following the shooting, Bonilla-Flores and the other 18th Street gang members drove away from the scene and into the District of Columbia.

At the time he committed the murder, Bonilla-Flores was a member or associate of the 18th Street gang, and his purpose in committing the murder and attempted murders was to maintain or increase his position within the 18th Street gang, and he participated in the murder and attempted murders for that reason.

### *Limited Nature of Proffer*

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government, but rather is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged offenses.

By: _____/s/_____
John Korba
D.C. Bar No. 1010303
john.korba@usdoj.gov
Assistant United States Attorney

Violent Crime and Narcotics Trafficking Section
601 D Street, N.W., Fifth Floor
Washington, D.C. 20530
(202) 252-7246

*Defendant's Acceptance*

I have read each of the pages that constitute the government's proffer of evidence and have discussed it with my attorneys, Richard A. Finci, Esquire, and Jeremy Feldman, Esquire. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legal bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those as set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 4/14/23

_____
Maynor Josue Bonilla-Flores
Defendant

*Attorney's Acknowledgment*

I have read each of the pages that constitute the government's Proffer of Evidence, reviewed them with my client, Maynor Josue Bonilla-Flores, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the government's proof, as I understand it.

Date: 4/14/23

_____
Richard A. Finci, Esquire
Jeremy Feldman, Esquire
Attorneys for the Defendant

6